IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JOHN HORTON,**<br><br>        Plaintiff,<br><br>v.<br><br>**CITY OF MACON, GEORGIA,**<br><br>        Defendant. | Civil Action No. _____ |

## COMPLAINT

COMES NOW John Horton, Plaintiff, and shows the Court the following for his Complaint against Defendant City of Macon, Georgia:

### Parties

1.

Plaintiff John Horton ("Mr. Horton") is a citizen of the United States and he resides in Macon, Bibb County, Georgia.

2.

Defendant City of Macon, Georgia is a corporate and political body having its principal place of business in Macon, Bibb County, Georgia.

### Jurisdiction and Venue

3.

This Honorable Court has original jurisdiction over this civil action because it arises under the Constitution and laws of the United States.

4.

Venue is proper in the Macon Division of the United States District Court for the Middle District of Georgia because jurisdiction is not founded on diversity and a substantial part of the events and omissions giving rise to the claims in this action occurred in Bibb County, Georgia which is in the Macon Division of the Middle District of Georgia.

**Facts**

5.

Mr. Horton was previously employed by Defendant City of Macon, Georgia in the Macon Police Department for approximately fifteen years.

6.

On Friday, May 18, 2012, Mr. Horton was arrested and charged with the crime of public indecency.

7.

At the time of his arrest, Mr. Horton was a Sergeant with the Macon Police Department and he was working in the Pawn Division. Prior to that, Mr. Horton worked in Administration and Accreditation for the Macon Police Department.

8.

On or about July 11, 2012, Captain Jimmy Barbee, the Internal Affairs Director for the Macon Police Department, mailed Mr. Horton documents entitled "Notice of Pending Disciplinary Action" and "Final Notice of Disciplinary Action" ("the Notices").

9.

The Final Notice of Disciplinary Action Captain Barbee mailed to Mr. Horton provided that Mr. Horton was terminated from his employment effective May 24, 2012.

10.

According to the Notices Captain Barbee mailed to Mr. Horton, the disciplinary action of termination of Mr. Horton's employment was taken for the following reason:

> On Friday, May 18, 2012, Sergeant John Horton was arrested by the Macon Police Department for public indecency.

11.

The Guidelines for City of Macon Employees provide the specific reasons that disciplinary action including, but not limited to, termination of employment, can be taken against employees such as Mr. Horton.

12.

The Guidelines for City of Macon Employees provided Mr. Horton with a reasonable expectation of continued employment with the City of Macon.

13.

At no time during Mr. Horton's employment with Defendant City of Macon, Georgia did the Guidelines for City of Macon Employees provide that Mr. Horton's employment could be terminated merely for being arrested or charged with a crime.

14.

As of the May 24, 2012, the Guidelines for the City of Macon Employees provided the following with respect to disciplinary action against employees who had been charged with a crime:

> If the conduct resulting in the criminal charges does not relate directly to the duties of the position held, but is of a serious and aggravated nature so as to

interfere with the employer-employee relationship, the employee may be suspended pending disposition of the charge.

15.

The Guidelines for the City of Macon Employees further provide that if the criminal charges are resolved in favor of the employee, the employee shall be reinstated with back pay from the date of suspension less any compensation received from any other source during the period of suspension.

16.

Mr. Horton appealed the disciplinary action of termination of employment pursuant to Defendant City of Macon, Georgia's Administrative Guidelines.

17.

A hearing of Mr. Horton's appeal was conducted on October 10, 2012 before Administrative Law Judge Robert E. Herndon.

18.

On November 29, 2012, Administrative Law Judge Herndon issued his decision in relation to Mr. Horton's appeal. Administrative Law Judge Herndon decided that, under the Guidelines for City of Macon Employees, the discipline of termination of Mr. Horton's employment was not appropriate and that Mr. Horton should be suspended without pay until the criminal charges against him were resolved.

19.

Defendant City of Macon, Georgia requested a review of Administrative Law Judge Herndon's decision by the Mayor of the City of Macon.

20.

On December 26, 2012, The Mayor for the City of Macon reversed Administrative Law Judge Herndon's decision.

21.

Although the Notices Captain Barbee mailed to Mr. Horton provided that disciplinary action was being taken against Mr. Horton because he had been arrested, the Mayor reversed Administrative Law Judge Herndon's decision because, the Mayor said, Mr. Horton had engaged in criminal conduct.  Prior to the Mayor's decision, Mr. Horton was not given notice that his employment was being terminated because he had engaged in criminal conduct.

22.

The Mayor's decision reversing Administrative Law Judge Herndon's decision was final and was not subject to review within Defendant City of Macon, Georgia.

23.

The Mayor's decision reversing Administrative Law Judge Herndon's decision constituted a decision and an act of Defendant City of Macon, Georgia.

24.

The criminal charges made against Mr. Horton on May 18, 2012 have now been resolved in favor of Mr. Horton.

25.

Despite the favorable resolution of the criminal charges made against Mr. Horton on May 18, 2012, Defendant City of Macon, Georgia has not reinstated Mr. Horton with back pay.

26.

By reason of the foregoing facts, Mr. Horton has been deprived of his property interest in his employment in violation of the procedural due process protections guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

27.

By reason of the foregoing facts, Mr. Horton, in violation of the procedural due process protections guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, has been deprived of the back pay that an employee of Defendant City of Macon, Georgia is entitled to receive upon the favorable disposition of criminal charges.

28.

By reason of the foregoing facts, Mr. Horton, in violation of the procedural due process protections guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, has been deprived of reinstatement to his former job as an employee of Defendant City of Macon, Georgia is entitled to receive upon the favorable disposition of criminal charges.

29.

Mr. Horton has lost considerable back pay and other employment benefits by reason of the foregoing facts.

30.

Mr. Horton will lose considerable pay and other employment benefits in the future by reason of the foregoing facts.

31.

Mr. Horton has been injured by Defendant City of Macon's violation of his Constitutional rights.

## Causes of Action

32.

Mr. Horton is entitled to be reinstated to his former employment with Defendant City of Macon or its successor pursuant to 42 U.S.C. § 1983.

33.

Mr. Horton is entitled to recover damages from Defendant City of Macon pursuant to 42 U.S.C. § 1983 in an amount that will fully and fairly compensate him for

(a)  the back pay and other employment benefits Mr. Horton has lost by reason of Defendant City of Macon Georgia's violation of Mr. Horton's Constitutional rights;

(b)  the pay and other employment benefits Mr. Horton will lose in the future by reason of Defendant City of Macon Georgia's violation of Mr. Horton's Constitutional rights; and

(c)  the injuries Mr. Horton has sustained by reason of Defendant City of Macon Georgia's violation of his Constitutional rights.

34.

Mr. Horton is entitled to his reasonable attorney's fees from Defendant City of Macon, Georgia as part of the costs in this action pursuant to 42 U.S.C. § 1988.

## Demand for Jury Trial

Mr. Horton demands a jury trial with respect to all issues so triable.

## Prayer for Relief

WHEREFORE, Mr. Horton respectfully prays for the following relief:

(a)  The issuance of process and service of process against Defendant;

(b) Judgment in favor of Mr. Horton and against Defendant City of Macon, Georgia that requires Defendant City of Macon, Georgia to reinstate Mr. Horton to his former position and for an amount that will fully and fairly compensate Mr. Horton for (a) the back pay and other employment benefits Mr. Horton has lost by reason of Defendant City of Macon Georgia's violation of Mr. Horton's Constitutional rights; (b) the pay and other employment benefits Mr. Horton will lose in the future by reason of Defendant City of Macon Georgia's violation of Mr. Horton's Constitutional rights; and (c) the injuries Mr. Horton has sustained by reason of Defendant City of Macon Georgia's violation of his Constitutional rights.

(c) All costs of this action including a reasonable attorney's fee; and

(d) Such other relief that this Honorable Court deems just and proper.

Date:  December 30, 2013.

*s/Jerry A. Lumley*
Jerry A. Lumley
Georgia Bar No. 460866
Jerry A. Lumley, LLC
Post Office Box 27717
Macon, GA 31221
Telephone: (478) 471-1776
Facsimile: (478) 757-0675
Email: jerrylumley@att.net

*s/R. Lars Anderson*
R. Lars Anderson
Georgia Bar No. 018218
2476 Vineville Avenue
Macon, GA 31204
Telephone:  (478) 742-0294
Facsimile:  (478) 742-3100
Email:  lars@rlarsanderson.com

**Attorneys for Plaintiff**